# Third District Court of Appeal

## State of Florida

Opinion filed February 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2271
Lower Tribunal No. 16-14003-CA-01
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Sandra Blanco and Carlos Luis Blanco,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Lydecker LLP, and Michelle Diverio and Alejandro Sanchez Parraga, for appellant.

Neblett Law Group, and David A. Neblett and James M. Mahaffey III, and John A. Wynn, for appellees.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

**INTRODUCTION**

Citizens Property Insurance Corp. appeals a final judgment entered by the trial court following a jury trial and verdict in favor of the insureds, Carlos and Sandra Blanco (collectively, "Blanco") on their claim for breach of contract in this first-party property insurance claim.

On appeal, Citizens asserts the trial court erred: (1) in denying Citizens' motion for directed verdict (and subsequent motion for judgment in accordance with its directed verdict motion) because the policy's anti-concurrent cause provision barred coverage for all damages; (2) by permitting Blanco to introduce an estimate for repairs when she no longer owned the property and had not incurred those expenses; (3) in the jury instructions and verdict form provided to the jury on the issue of the anti-concurrent clause; and (4) in denying Citizens' motion for new trial based upon improper closing by Blanco's counsel. We find no error by the trial court, and affirm. We write to address Citizens' first claim on appeal—the trial court's denial of its motion for directed verdict and subsequent motion for judgment in accordance with the motion for directed verdict.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Blancos owned a home in Miami-Dade County that was insured by Citizens during the relevant timeframes. On November 16, 2015, the

2

home sustained water damage due to a leak, and Blanco filed an insurance claim with Citizens.

On February 26, 2016 Citizens denied Blanco's claim "due to the fact that the cause of loss was not covered under the policy."

In the operative complaint, Blanco asserted a claim for breach of contract against Citizens. Citizens answered the complaint and raised several affirmative defenses, including that the loss was excluded under the policy's anti-concurrent cause provision, which states:

**GENERAL EXCLUSIONS**

1. We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
   . . .
   n. **Constant or repeated seepage or leakage of water** or steam, or in the presence of humidity, moisture or vapor, **which occurs over a period of time**, whether hidden or not and results in damage such as wet or dry rot, "fungi," deterioration, rust, decay or other corrosion.

(Emphasis added).

Following a trial, the jury returned a verdict in favor of Blanco for $61,017.51.  Citizens moved for entry of judgment in accordance with their earlier motion for directed verdict or, alternatively, for a new trial, asserting there was no coverage under the policy because the undisputed evidence at trial was that the leak occurred over a period of time and was a "constant or

3

repeated exposure to moisture over a period of months," triggering the anti-concurrent cause provision of the policy. After a hearing, the trial court denied Citizen's motion in its entirety, and entered final judgment in favor of Blanco. This appeal followed.

**ANALYSIS AND DISCUSSION**

We review de novo the trial court's denial of a motion for directed verdict (and motion for judgment in accordance with motion for directed verdict). People's Tr. Ins. Co. v. Hernandez, 400 So. 3d 744, 746 (Fla. 3d DCA 2024). However, we "must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor, and 'if there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution.'" Id. at 747 (citing Miami-Dade Cnty. v. Guyton, 388 So. 3d 50, 51-52 (Fla. 3d DCA 2023)).

Citizens moved for a directed verdict during trial on the basis of an anti-concurrent cause provision in Blanco's policy. Specifically, Citizens argued that the "undisputed evidence" at trial was that the leak occurred for some period of time, that the loss and ensuing damage was the result of constant or repeated exposure to moisture over a period of months, and that such loss

4

is not covered by the policy. Thus, Citizens contends, even if there was an otherwise covered accidental discharge or overflow of water, the existence of a concurring cause precluded coverage under the policy's anti-concurrent cause provision.

As this Court has previously explained, "'when independent perils converge and no single cause can be considered the sole or proximate cause, it is appropriate to apply the concurring cause doctrine.' However, when the insurer explicitly avoids the application of the concurring-cause doctrine with an anti-concurrent cause provision, the plain language of the policy precludes recovery." Sec. First Ins. Co. v. Czelusniak, 305 So. 3d 717, 718 (Fla. 3d DCA 2020) (quoting Sebo v. Am. Home Assurance Co., Inc., 208 So. 3d 694, 697 (Fla. 2016)).

It is undisputed that the policy contained an anti-concurrent cause provision. In Czelusniak, the insured's policy also had such a provision and because the "undisputed evidence" at trial established that the "the loss was caused by a combination of both excluded and covered perils," and the jury could not "legally or factually separate the damage caused by water coming through the door from water coming through the walls and windows," this court held that the trial court should have directed a verdict in the insurer's favor. Id. at 719.

5

Citizens asserts that the same is true in this case: there was evidence at trial that even if there was an accidental loss arguably covered under the policy, there was also evidence that water leakage had been taking place for months, and that loss by "constant or repeated seepage or leakage of water. . . over a period of time" is excluded even if it occurs concurrently with a cause that is not excluded under the policy. Citizens contends that, due to the anti-concurrent loss provision, the trial court should have directed a verdict in favor of Citizens.

Blanco asserts that the undisputed evidence at trial was that the loss was caused only by the sudden, accidental loss, with its own unique damages, and that there was no concurrent cause. On appeal, Blanco also contends that we cannot reverse the court's denial of Citizens' directed verdict motion because Citizens failed to provide the full trial transcript, and thus, cannot show that this loss was not solely attributable to or caused by a sudden accidental event on November 16, 2015. In response, Citizens asserts that we have as much of the record as is needed to establish that the property suffered a loss that was the result—at least in part—of an excluded cause (constant repeated seepage or leakage of water over a period of time) and that reversal of the order denying the directed verdict

(and motion for judgment in accordance with its directed verdict motion) is warranted.

The primary dispute at trial was whether the damage to Blanco's home was caused solely by the November 16th water event (resulting in what Blanco deemed a "flood" of water in her home) or whether it was caused, at least in part, by constant or repeated water seepage or leakage (which loss is excluded under the policy, even if it occurred in combination with a cause covered by the policy).

We hold that the record provided is inadequate for this court to conclude that the trial court erred in denying a motion for directed verdict (and subsequent motion for judgment in accordance with its directed verdict motion) on this issue. Of significance (for example), the record on appeal contains only a portion of Blanco's direct testimony at trial. In light of our standard of review—which requires an appellate court to "evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor," Hernandez, 400 So. 3d at 747, we must affirm the trial court's denial of the motion for directed verdict "if there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, [because] the issue is factual and should be submitted to the jury for resolution." Guyton, 388

So. 3d at 52. We find no merit in the remaining issues raised on appeal by Citizens.

Affirmed.